**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SCOTT DOLEMBA, )
on behalf of himself and a class, )
)
                Plaintiff, )
)
       vs. )
)
CITIZENS INFORMATION )
ASSOCIATES, LLC; )
KYLE G. PRALL; )
RYAN H. RUSSELL; )
STAR NINE VENTURES, INC., )
d/b/a STAR NINE MARKETING; )
and JOHN DOES 1-10; )
)
                Defendants. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff seeks redress for the conduct of defendants in publishing on various websites the names and photographs (commonly called "mugshots") of individuals who have had some involvement with the state's criminal judicial process, along with information purporting to be a statement of the allegations or charges brought against the individual.

2. Defendants, acting individually and in concert, then offer to remove this information from the website in exchange for a "removal" or "takedown" fee.

3. Through this activity, defendants have been able to extract millions of dollars from plaintiff and others.

4. In this action, plaintiff contends that defendants violated RICO and the Illinois Consumer Fraud Act.

### JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§1331, 1332(d), 1337, and 1367, and 18 U.S.C. §1964.

6. Venue in this District is proper because defendants engaged in tortious conduct

1

directed towards residents of Illinois and this District, including plaintiff, and pursuant to the nationwide service of process provisions of RICO.

7. Plaintiff is a citizen of Illinois. The defendants are citizens of Texas.

8. The amount in controversy, on a classwide basis, exceeds $5 million.

## PARTIES

9. Plaintiff is a resident and citizen of Cook County, Illinois.

10. Defendant Citizens Information Associates, LLC ("CIA") is a limited liability company chartered under Texas law. Its registered agent and office is CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201.

11. CIA operates the websites BustedMugshots.com and MugshotsOnline.com.

12. CIA lists and posts on these websites information about residents of Illinois for the specific purpose of obtaining money from those Illinois residents.

13. CIA has described its business as follows:

> As part of its core business, CIA has compiled a database of individual arrest records, along with the accompanying police photograph (the "mugshots") from various locations and jurisdictions across the country. The records gathered includes the: (i) name of the alleged violator; (ii) alleged violation(s); (iii) date of the booking; (iv) location of the alleged violation; (v) age of the alleged violator; and (vi) booking photograph or mugshot (collectively the "Records"). These Records are not easily collected or assembled; nearly every jurisdiction in the country has a different process that must be followed to obtain these Records. Additionally, nearly every jurisdiction charges a fee for the release of the records. Since the founding of CIA, it has spent thousands of dollars in out of pocket expenses to obtain these records. In that time CIA has grown its database to over 4.6 million Records to date, which constitutes one of the more thorough such databases in the country.
>
> CIA has also developed a website in which these Records are easily searchable by name and geographic region. To develop a system that was both user friendly and attractive, as well as able to handle the vast number of Records that are in the database, CIA has contracted for a team of web designers, marketing and sales staff and other assorted personnel and invested significant financial resources in developing a website to publish, search and monitor select portions of its database.

14. Defendant Star Nine Ventures, Inc. ("SNV") is a Texas corporation with a place of business at 7301 N. FM 620, Suite 155, Austin, TX 78726-4537. Its registered agent and office is Joseph Centrich, 2002 Timberloch Place, Suite 200, Woodlands, Texas, 77380.

15. SNV designed, created and operates the websites BustedMugshots.com and MugshotsOnline.com, as well as others, which websites post information about Illinois residents for the specific purpose of obtaining money from those Illinois residents. It does business as Star Nine Marketing.

16. Defendants obtain the photos and information from law enforcement agencies in Illinois.

17. Defendant Kyle G. Prall is a resident of the state of Texas. He is a manager of CIA. On information and belief, he is an owner of both CIA and SNV. Prall is also the listed contact person for the BustedMugshots.com and MugshotsOnline.com websites.

18. Defendant Ryan H. Russell is a resident of the state of Texas. He is a manager of CIA and president and director of SNV. On information and belief, he is an owner of CIA. He is the sole shareholder of SNV.

19. SNV holds an equity interest in CIA.

20. On information and belief, Prall, Russell and SNV are the only members of CIA. No member of CIA is a citizen of Illinois.

21. Defendants solicit customers in Illinois. On information and belief, defendants have many paying customers who reside in Illinois and use defendants' services in Illinois.

22. John Does 1 through 10 are individuals who have participated in managing, organizing, marketing, facilitating, and profiting from the operations of the websites owned and controlled by the other defendants.

## FACTS

23. Plaintiff had a booking photo taken in Cook County, Illinois.

24. The photo was published on Bustedmugshots.com.

25. Defendants' websites, along with plaintiff's images, were indexed by Google.com, and the images appear when a web search for plaintiff's name is conducted.

26. Such images are viewed using interstate wire communications.

27.     Defendant CIA charges a monthly membership fee to individuals who want to view the photos that are displayed on BustedMugshots.com.

28.     The fee is paid through the website, using interstate wire communications.

29.     The display by defendants of images is intended, among other things, to subject the subject to hatred, contempt, or ridicule, or to damage the subject's personal or business repute, or to impair the subject's credit.

30.     Defendants make available to persons listed on their websites the "service" of removing the person's image for a "removal fee." Defendants explain on their website:

> Can I remove my record from the website?
>
> We have a simple process to initiate a review of your record for removal from our database, if you meet certain criteria. Note: We do not allow the removal of serious violent or sex crime arrests unless exonerated or found not guilty. Please follow the Remove This Record link underneath the arrest photo for removal instructions... then proceed with one of the three different levels of removal options:
>
> Free Removal -- If your case was found not guilty, had the charges dismissed or dropped, had your record expunged by the court, were a minor at time of arrest, or if the person in question has passed away, we will gladly remove your record for free with proper documentation. Please follow the instructions above... Read the Removal Options and scroll down the page to Step 2; you'll find the link "apply for a free removal", fill out the form and attach your court documents. There are two options for processing:
>
>> Free Processing -- Your request will be reviewed within 15 days of submission. Upon approval the information related to the arrest will be removed from our website and from popular search engines the next time they index our site (generally 30 to 60 days after the page is removed from our website).
>>
>> Rush Processing ($80.00) -- Your request will be reviewed within 3 days of submission. Upon approval the information related to the arrest will be removed from our website, and we will manually request that your arrest profile and associated images be removed from popular search engines.
>>
>> Please Note: Deferred adjudication and plea bargains are not the same as dismissals and will not qualify for a free removal.
>
> Basic Removal ($98.00) - The record will be removed from our website within 20 business days and from popular search engines the next time they index our site (generally 30 to 60 days after the page is removed from our website).
>
> Rush Removal ($178.00) - The record will be removed from our website within 2 business days, and we will manually request that your record profile and associated images be removed from third-party search engines.

31.     On September 12, 2013, plaintiff paid $98 on the BustedMugshots.com website to secure the removal of his photo. Plaintiff paid by transmitting credit card information to defendants via interstate wire transmission.

32.     Defendants sent plaintiff, also via interstate wire transmission, a purchase confirmation listing the "merchant" as "Busted" and the "description" as "Mugshot Removal."

33.     Plaintiff had no interest in doing business with defendants, but was compelled to do so because he feared being subjected to hatred, contempt, and ridicule as a result of defendants' conduct.

34.     Each of the thousands of "mugshot removal" transactions in which defendants engage similarly involves the transmission of credit card information and the transmission of a receipt, both via interstate wire transmission.

35.     The Illinois Criminal Code, 720 ILCS 5/12-6, makes it unlawful to communicate a threat to accuse a person of an offense or to expose any person to hatred, contempt or ridicule with intent to cause any person to perform any act, such as the payment of money.

36.     Section 5/12-6, "Intimidation," prohibits what is commonly referred to as extortion, and provides:

> **(a) A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts:**
>
> **(1) Inflict physical harm on the person threatened or any other person or on property; or**
>
> **(2) Subject any person to physical confinement or restraint; or**
>
> **(3) Commit a felony or Class A misdemeanor; or**
>
> **(4) Accuse any person of an offense; or**
>
> **(5) Expose any person to hatred, contempt or ridicule; or**
>
> **(6) Take action as a public official against anyone or anything, or withhold official action, or cause such action or withholding; or**
>
> **(7) Bring about or continue a strike, boycott or other collective action.**

5

**(b) Sentence.**

**Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years.**

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a class and subclass.

38. The class includes all residents of Illinois whose booking photograph has been posted on one or more of defendants' websites, including BustedMugshots.com and MugshotsOnline.com.

39. The subclass consists of class members who have, on or after a date four years prior to the filing of this action, paid money to one or more of the defendants for the purpose of securing the removal of a booking photograph.

40. The class and subclass are each so numerous that joinder of all members is impracticable. Plaintiff alleges on information and belief that there are more than 1,000 class members.

41. There are questions of law and fact, common to the class, which questions predominate over any questions affected only individual class members. The predominant common questions include:

    a. Whether defendants' conduct constitutes a violation of 720 ILCS 5/12-6;

    b. Whether a violation of 720 ILCS 5/12-6 is the offense of "extortion" as used in RICO;

    c. Whether certain defendants conduct the affairs of one or more enterprises affecting interstate commerce through a pattern of such violations;

    d. Whether defendants' conduct is an unfair practice.

42. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in class actions challenging unlawful business practices. Plaintiff's claim is typical of the claims of the other members of the class. Plaintiff's claims arise from the same practice and course of conduct that give rise to the claims of the other class

members, and the claims are based on the same legal theories.

43. A class action is an appropriate means for the resolution of this matter. Individual actions are not economical. Requiring class members to pursue their claims individually would require multiple individual actions, all substantially identical.

## COUNT I – RICO

44. Plaintiff incorporates paragraphs 1-43.

45. This claim is on behalf of the subclass.

46. This claim is against Kyle G. Prall and Ryan H. Russell.

47. Prall and Russell are "persons" as defined in RICO.

48. CIA is an "enterprise" as defined in RICO. Its business is conducted in interstate commerce.

49. Prall and Russell conducted the affairs of CIA through a pattern of violations of 720 ILCS 5/12-6, which violations constitute "extortion" as defined in RICO, when they published embarrassing information about arrests on the Internet and then obtained "fees" for its removal.

50. 18 U.S.C. §1961(1) defines "racketeering activity" as "(A) any act or threat involving . . . extortion . . . which is chargeable under State law and punishable by imprisonment for more than one year . . . ."

51. Defendants committed thousands of such violations extending over years and continuing.

52. Prall and Russell violated 18 U.S.C. §1962(c), which provides:

**It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.**

53. Plaintiff was injured by defendants' acts and practices. Among other things, he was forced to pay $98 as a "removal fee."

WHEREFORE, the Court should enter judgment in favor of plaintiff and the subclass and

against defendants for:

    a.    Treble damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

54.    Plaintiff incorporates paragraphs 1-43.

55.    This claim is on behalf of the class.

56.    This claim is against all defendants.

57.    Defendants engaged in unfair acts and practices, in violation of the public policy of Illinois, as set forth in 720 ILCS 5/12-6 and otherwise, when they published embarrassing information about arrests on the Internet and then offered to remove it for a fee.

58.    Defendants engaged in such conduct in the course of trade and commerce in Illinois.

59.    Defendants engaged in such conduct for the purpose of obtaining money from Illinois residents, and inflicting harm on them in order to coerce them to pay money.

60.    Plaintiff was injured by defendant's acts and practices.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Appropriate compensatory and punitive damages;

    b.    An injunction against further violations;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

                            s/ Daniel A. Edelman
                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com
Atty. No. 41106 (Cook)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28859\Pleading\Complaint -- CFA and RICO_Pleading.WPD